**JIAN HUA LIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–3422–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 22, 2005.

Thomas Massucci, New York, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, James P. Fleissner, Assistant United

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

States Attorney, Chief of Appeals, Criminal Division, Madeleine S. Murphy, Assistant United States Attorney Carole J. Ryczek, Assistant United States Attorney, for Respondent.

PRESENT: CABRANES, RAGGI, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Jian Hua Lin petitions for review of the decision of the BIA's decision affirming an Immigration Judge's ("IJ's") final order of removal. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

Where, as here, the BIA issues a short opinion affirming the IJ's decision, in part, and modifying it in part, this Court reviews the IJ's opinion as modified by the BIA. *See See Xue Hong Yang v. DOJ*, 426 F.3d 520 (2d Cir.2005). This Court then reviews the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang*, 386 F.3d at 74 (quoting *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotations omitted)). Inconsistent testimony often bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000). Lack of corroborating evidence may also bear on credibility, but it cannot form the sole basis for an adverse credibility determination. *See id.* at 287. Finally, while we afford "particular deference" to an adverse credibility determination, *Zhou Yun Zhang*, 386 F.3d at 74, that determination will not satisfy the substantial evidence standard if it is based on flawed reasoning, such as speculation or conjecture, *Secaida–Rosales*, 331 F.3d at 307, 312.

At the airport interview, Lin made a general statement that he entered the U.S. because of Falun Gong. At the October 2001 credible fear interview, Lin indicated that there were problems in China because of Falun Gong, but he did not himself practice Falun Gong. Lin stated that he knew no one else who practiced, and that he knew nothing about Falun Gong. Lin also stated that authorities had never accused him of practicing Falun Gong. It was only at the November 2001 credible fear interview that Lin first stated that he practiced Falun Gong. The fact that Lin denied practicing Falun Gong during the first two interviews certainly undermines his later statements that he did.

In November 2001, Lin indicated that he began practicing Falun Gong in June 2001, however, during his hearing, Lin said he began practicing in February 2001. In November 2001, Lin said that the friend who sparked Lin's interest in Falun Gong ran away and was not arrested, while during his hearing, Lin said that this friend was arrested. Although Lin may have had difficulty recalling dates, it is hard to believe he had trouble remembering this significant event—the arrest of his friend which was allegedly the instigation for Lin himself to go into hiding.

During the November 2001 interview, Lin indicated that the symbol for Falun

344

Gong looked like the Buddha, whereas during the hearing, Lin knew the symbol of Falun Gong was a wheel.

This Court has acknowledged that airport interviews have extreme limitations and should be scrutinized before one concludes that it represents an accurate record of the alien's statements and a valid basis for a credibility assessment. *Ramsameachire v. Ashcroft*, 357 F.3d at 179. Through *Ramsameachire*, this Court adopted several factors that should be considered in determining the weight of an airport interview, including: whether the questions asked are designed to elicit detailed information about an asylum claim, whether the officer asks follow-up questions to obtain a more detailed account of the alien's claim, whether the interview answers are paraphrased or written verbatim, whether the alien appears to be reluctant to speak because of experiences with government officials in his or her own country, and whether the alien appears to fully understand English or the translation. *Id.* at 180. Here, although Lin's airport interview was very brief and did not provide much detail, his two credible fear interviews were quite detailed. Numerous follow-up questions were asked, particularly during the first credible fear interview, in an attempt to determine if Lin had any connection at with Falun Gong. The answers are written verbatim, and the interpreter spoke in Lin's native language, Fuzhou.

Taken together, the above points cited by the IJ provide specific, cogent reasons that bear a legitimate nexus to the adverse credibility finding. *See Secaida–Rosales*, 331 F.3d at 307. In the absence of credible testimony, petitioner could not carry his burden of proof for his asylum and withholding claims. Furthermore, when the adverse credibility assessment goes to the heart of petitioner's claim, such that it casts serious doubt that he has any affiliation with the grounds on which he claims past persecution or claims to fear future persecution, the applicant cannot carry his burden of proof that he will more likely than not be tortured if removed. *See, e.g., Yang*, 426 F.3d 520. As a result, Lin's CAT claim fails.

For the foregoing reasons, the petition for review is DENIED and the pending motion for stay of removal is also DENIED. Petitioner's request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).